Richard M. Garbarini
GARBARINI FITZGERALD P.C.
250 Park Avenue
7th Floor
New York, New York 10177
Telephone: (212) 300-5358
Facsimile: (347) 218-9478

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LARRY G. PHILPOT,                                Index No.: 16-cv-1523

                      Plaintiff,        **COMPLAINT AND JURY DEMAND**
                                    **FOR DAMAGES FOR COPYRIGHT**
            v.                                **INFRINGEMENT**

KOS MEDIA LLC,

                      Defendant.
-----------------------------------------------------------------x

      Plaintiff LARRY G. PHILPOT, by and through his attorneys at GARBARINI FITZGERALD P.C., brings this Complaint and Jury Demand against Defendant KOS MEDI LLC ("D-KOS"), based on copyright infringement pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act" or "Act").

## NATURE OF THE MATTER

    1.    Plaintiff Larry Philpot ("PHILPOT") is a renowned photographer, and beneficial rights holder to Registered Copyright VAu 1-132-411 for a picture of Willie Nelson (the "Nelson Photograph").

    2.    Plaintiff's copyrighted photograph appeared in an article on <www.dailykos.com> (the 'Subject Website") (attached as **Exhibit B**) without license or attribution.

3. Worse, the Nelson Photograph is attributed to Dailykos.com.

4. The matter is fairly straight forward; Defendant D-KOS intentionally used Plaintiff's Copyrighted Photograph without a license.  This is an intentional infringement pursuant to 17 U.S.C. §§ 101 *et seq.*, and is subject to the remedies afforded by 17 U.S.C. 504.  One of those remedies, and the one Plaintiff is likely to elect, is for statutory damages of $150,000, but in no case less than $30,000.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 in that this controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101 et seq.).  Plaintiff also has jurisdiction pursuant to 28 U.S.C. § 1332 as this matter involves parties from different states and there is more than $75,000 at issue.

6. Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

7. The subject photograph was registered with the United States Copyright Office prior to the infringement by Defendant.

8. Personal jurisdiction over Defendant is proper in this Court on the ground that Defendant maintains a headquarters or otherwise resides in New York, NY.

9. This Court has personal jurisdiction over Defendant pursuant to CPLR § 302 (New York's long-arm statute) due to its continuous and systematic business activities within New York as described at length in this Complaint.

10. As recently as February 28, 2016, Defendant held a Meetup in New York City.  See http://www.dailykos.com/blog/New%20York%20City. (Attached as **Exhibit C**).  This was, as **Exhibit C** indicates, part of the routine meetups held by defendant in New York City).

11. The meetings in New York are run by D-Kos staffer "Navajo". She is described as the "Daily Kos Director of Community. Organizes meatspace Daily Kos events to facilitate local political actions nationwide. Founded Native American Netroots. Co-editor of First Nations News & Views. Urban Indian."

12. The New York City grassroots organization of Daily Kos is called the NYC Kossacks. See **Exhibit C**.

13. A significant number of the articles on the Subject Website are directed at New York. See <http://www.dailykos.com/news/NewYork> attached as **Exhibit D**. In fact, the Subject Website is clearly directed at New York.

14. Defendant also launched the NYS Project aimed at influencing NYS politics. Defendants describes it as follows:

> NYS Project: I'm really excited to announce that we're about to make Andrew Cuomo's life as difficult as possible. That's right, The Albany Project 2.0 is coming and this time we're bringing a whole new bag of tricks to the fight. We're coming back smarter and meaner and we're not going to leave any tools in the box this time around. And we're not just re-launching a "blog." We're going to do some serious organizing this time around and we're working to put some seriously cutting edge tools in the hands of activists from Watertown to Montauk. We want to empower people across the Empire State to take on hyper-local fights against things like fracking to larger fights for publicly financed campaigns, inequality and against the endemic corruption that has plagued our state for far too long. And these are fights that, together, We Can WIN."

See **Exhibit D** pgs. 5-6.

15. The IP address for the Subject Website is located in New York. See **Exhibit E**.

16. The vast majority of the advertising revenue generated by D-KOS originates from New York.

17. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (c).

18. A copy of the Registration issued by the U.S. Copyright Office is annexed hereto as **Exhibit A.**

## PARTIES

19. Plaintiff LARRY PHILPOT is an individual and a resident of Indianapolis, IN.

20. Defendant Kos Media, LLC operates <www.dailykos.com>, an online political community blog. The company was formerly known as SportsBLOGS, LLC. Kos Media, LLC was founded in 2002 and is located at 2930 Shattuck Ave. 206, Berkeley, California, 94705. The IP address for <www.dailykos.com> is located in New York.

## THE INRINGEMENT

21. Plaintiff is a well-known photographer and earns a living licensing his photographs to businesses and musicians. Some examples of Plaintiff's customers are AOL, AXS-TV, Berkshire Hathaway, KISS, John Mellencamp, and Willie Nelson.

22. Plaintiff has photographed hundreds of musical artists in addition to Kid Rock, including Chuck Berry, the Lumineers, REO Speedwagon, Hall and Oates, Norah Nelson, John Mellencamp, Ted Nugent, Sir Paul McCartney, Mumford and Sons, Buddy Guy, and countless other top tier artists.

23. Plaintiff displays his work on his website <www.soundstagephotography.com>, and licenses his work for use by print and electronic publications. His work appears in a number of Wikimedia entries, Rock History Magazine, OnStage Magazine, AXS-TV (owned by Ryan Seacrest and Mark Cuban), Dan Rather Reports, Berkshire Hathaway, and Forbes. Plaintiff's work includes album covers as well as stunning portraiture and performance photographs.

24. Plaintiff is currently under a two year non-exclusive contract with AXS-TV,

and in 2013 was contracted with Tom Petty for a single use of one of his images, and photographed Mr. Petty in both Indianapolis and Milwaukee.

25. In 2013, Plaintiff took what is now recognized as an iconic photograph of entertainer Willie Nelson which is the subject of United States copyright registration VAu 1-132-411 dated September 5, 2012.



26. Defendant D-KOS is a national political blog. It functions as a discussion forum and group blog for a variety of netroots activists whose efforts are primarily directed toward influencing and strengthening progressive policies and candidates. Additionally, the site features a participatory political encyclopedia ("DKosopedia"), glossaries, and other content.

27. Sometime in late 2014, D-KOS published on its Facebook page.



28. The URL for the attached **Exhibit B** is

<https://www.facebook.com/dailykos/photos/a.416444264254.190398.43179984254/10152382119459255/?type=1&theater

29.     Plaintiff first learned of this infringement in December 2015.

30.     A demand to remove the photograph was served on Defendant, on or about January 8, 2016.

31.     On February 15, 2016, Defendant D-KOS still had the infringing use of the Nelson Photograph on its Facebook Page.

32.     The Nelson Photograph was the result of Plaintiff's profound depth of experience in the field.

33.     Defendant used the entire Nelson Photograph.

34.     Rather than attribute the photograph to Plaintiff, defendant attributed the Nelson Photograph to itself.

35.     Defendant uses the photographs on its Facebook page, like the one at issue here, as a means for "viral" advertising. Defendant nefariously removed the attribution to further advertise its own brand.

36.     Photography is an art form that may require the photographer to make many important creative decisions.

37.     A photographer, like Plaintiff, is entitled to protection for such artistic elements as the particular lighting, the resulting skin tone on the subject, and the camera angle that he selected.

38.     The Nelson Photograph took significant maneuvering and skill to obtain.

39.     Plaintiff was the only photographer with the skill to pick the correct part of the stage, lighting, angle, aperture, and timing to be there at the very moment to take what is

considered by most an iconic photograph of Willie Nelson.

40. Years of hard work allowed Plaintiff to get access to the most advantageous lighting, angles, and timing. Plaintiff waited until the exact moment that Mr. Nelson looked at him, a shot that had to be taken in that moment, at that place.

41. Defendant simply copied the Nelson Photograph, removed the attribution, refused to get a license, and intentionally attempted to infringe without consequence.

42. Defendant could not possibly believe there was high probability that their use constituted fair use.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

43. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

44. Defendant has, without license from Plaintiff, reproduced and/or publicly reproduced and distributed the Nelson Photograph.

45. It cannot be disputed that Plaintiff has a valid, registered copyright, and that Defendant has reproduced and displayed the Nelson Photograph without a license, thus infringing Plaintiff's rights under the Copyright Act. Irreparable injury is presumed here as Plaintiff has established a prima facie case of copyright infringement.

46. Even after Defendant was put on notice that it had no license or authority, Defendant elected to continue to reproduce and display and/or distribute the Nelson Photograph.

47. The making or the distribution, or both, of the photograph associated with the Copyright Registration without attribution or license is actionable as an act of infringement

under section 501 and fully subject to the remedies provided by sections 502 through 506 and 509.

48. Defendant's predatory conduct was clearly intentional within the meaning of 504(c)(2) for purposes of enhancing statutory damages. Defendant knew its actions constituted an infringement, or at the very least acted with reckless disregard to Plaintiff's rights.

49. Defendant's knowledge and intent may be inferred from its conduct including the reckless disregard of Plaintiff's right (rather than actual knowledge of infringement), which suffices to warrant award of the enhanced damages.

50. As a direct and proximate result of each of the Defendant's infringement, Plaintiff has incurred actual damages in the form of license fees while Defendant has used Plaintiff's copyrighted photograph for their own commercial gain in an amount that will be determined at trial. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000, for each infringement of each copyright registration identified in **Exhibit A**, as available under the law

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A. statutory damages in the amount of $150,000 per infringement for each Copyright Registration identified in the annexed **Exhibit A**, but in no case less than $30,000 with respect to each infringement, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

B. for Plaintiff's actual damage if Plaintiff so elects;

C. attorneys' fees costs and disbursements in this action pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117; and,

D.      for such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: February 29, 2016                                                                         GARBARINI FITZGERALD P.C.

                                                                                                     By: _____
                                                                                                          Richard M. Garbarini
                                                                                                         Richard M. Garbarini (RG 5496)
                                                                                                         250 Park Avenue
                                                                                                         7th Floor
                                                                                                         New York, New York 10177
                                                                                                         Telephone: (212) 300-5358
                                                                                                         Facsimile: (347) 218-9479